[Cite as *Pallone v. Ohio Dept. of Natural Resources*, 2013-Ohio-3640.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

ROMAN J. PALLONE

     Plaintiff

     v.

OHIO DEPARTMENT OF NATURAL RESOURCES

     Defendant

Case No. 2010-10505

Judge Patrick M. McGrath
Magistrate Anderson M. Renick

JUDGMENT ENTRY

{¶ 1} On January 30, 2013, the magistrate issued a decision recommending judgment in favor of defendant after a trial on the issue of liability.

{¶ 2} Civ.R. 53(D)(3)(b)(i) states, in part: "A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). Plaintiff filed objections on February 13, 2013. Defendant did not object or otherwise respond to plaintiff's objections.

{¶ 3} Civ.R. 53(D)(3)(b)(iii) provides in relevant part: "An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available." Plaintiff has filed neither a transcript nor an affidavit of the evidence in lieu thereof.

{¶ 4} According to the magistrate's decision, plaintiff operated a business located at Buckeye Lake State Park known as Smitty's on the Lake (Smitty's), which was surrounded by property owned by defendant. On September 14, 2008, the remnants of

Hurricane Ike traveled through Ohio. During the storm, a large branch from a silver maple tree located on defendant's property split and fell onto Smitty's roof. Plaintiff alleges that defendant had notice that the tree was a hazard and that defendant was negligent in maintaining the tree.

{¶ 5} After a trial on the issue of liability, the magistrate found that defendant did not have notice that the silver maple tree which fell onto Smitty's was a hazard. Additionally, the magistrate found that defendant was entitled to discretionary immunity for its decision to allow trees to grow on the earthen dam at Buckeye Lake. Finally, the magistrate found that plaintiff's claim was barred as an Act of God and that defendant was immune under the public duty statute in its performance of inspections of trees at Buckeye Lake.

{¶ 6} While plaintiff's objections are not stated with specificity pursuant to Civ.R. 53(D)(3)(b)(ii), the crux of plaintiff's objections challenge the factual findings of the magistrate. Plaintiff contends that the evidence establishes that the silver maple that fell onto Smitty's roof was a hazard of which defendant had notice. Additionally, plaintiff contends that the evidence regarding the wind speed on September 14, 2008, at Buckeye Lake shows that his property damage was not solely an Act of God. Finally, plaintiff objects to the magistrate's conclusion that defendant is entitled to discretionary immunity for its decision to allow trees to grow on the dam at Buckeye Lake.

{¶ 7} As noted above, plaintiff failed to file a transcript of the proceedings pursuant to Civ.R. 53(D)(3)(b)(iii). "A party challenging a magistrate's factual findings is required to provide the trial court with a transcript of the hearing before the magistrate 'or an affidavit of that evidence if a transcript is not available.' Civ.R. 53(D)(3)(b)(iii). Absent a transcript of affidavit, the trial court must presume the validity of the magistrate's proceedings and the ensuing findings of fact unless the court holds further hearings. * * * The trial court need only determine whether the magistrate's factual findings support the conclusions of law in the magistrate's decision." *Kormanik v.*

Case No. 2010-10505                    - 3 -                          ENTRY

*Haley*, 10th Dist. No. 12AP-18, 2012-Ohio-5975, ¶ 12. Inasmuch as the factual findings contained in the magistrate's decision support the magistrate's conclusions, plaintiff's objections to such findings are without merit.

{¶ 8} To the extent that plaintiff challenges the magistrate's conclusions of the law, the court's review of the magistrate's decision reveals that the facts found by the magistrate are sufficient to sustain the magistrate's conclusions, and that the magistrate's conclusions are consistent with law.

{¶ 9} Upon review of the record, the magistrate's decision and plaintiff's objections, the court finds that the magistrate has properly determined the factual issues and appropriately applied the law. Therefore, the objections are OVERRULED and the court adopts the magistrate's decision and recommendation as its own, including findings of fact and conclusions of law contained therein. Judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
PATRICK M. MCGRATH
Judge

cc:

James P. Dinsmore                          Roman J. Pallone
Assistant Attorney General                 5279 Silverthorne Road
150 East Gay Street, 18th Floor            Westerville, Ohio 43081
Columbus, Ohio 43215-3130

007
Filed April 12, 2013
To S.C. Reporter August 22, 2013